997 So.2d 466 (2008)
200 EAST PARTNERS, LLC., Appellant,
v.
Lewis GOLD and Lori Gold, Appellees.
No. 4D08-496.
District Court of Appeal of Florida, Fourth District.
December 10, 2008.
Rehearing Denied January 23, 2009.
*467 Margaret Villella and David B. Mankuta of Atkinson, Diner, Stone, Mankuta & Ploucha, P.A., Fort Lauderdale, for appellant.
Glenn J. Waldman and William E. Calnan of Waldman Trigoboff Hildebrandt Marx & Calnan, P.A., Weston, for appellees.
STEVENSON, J.
200 East Partners, LLC. ("200 East"), a developer, appeals the trial court's award of final summary judgment in favor of the purchasers, Lewis and Lori Gold. Because 200 East violated the Interstate Land Sales Full Disclosure Act ("ILSA"), 15 U.S.C. §§ 1701-20 (2005), by failing either to furnish the Golds with a printed property report in advance of their signing a purchase contract or to qualify for an exemption from that requirement as to all of its units at the time of the sale to the Golds, we affirm.
The Golds executed a purchase and sale agreement with 200 East for a new condominium unit in the proposed 200 East Palmetto Park building, which would contain 115 residential units. ILSA governs the purchase and sale of these condominium units because 200 East used mail and other instruments of interstate commerce in offering the units for sale.
ILSA makes it unlawful to sell any lot not exempt under 15 U.S.C. § 1702 unless the seller provides a written property report to the purchaser prior to the purchaser signing a contract for sale.[1] In this case, 200 East sought and received an advisory opinion letter from the Department of Housing and Urban Development ("HUD") approving its scheme to piggyback 15 U.S.C. § 1702(a)(2), the improved lot exemption, and 15 U.S.C. § 1702(b)(1), *468 the 100 lot exemption. The improved lot exemption provides that the sale of a lot will be exempt from ILSA's reporting and registration requirements if the sale is under a contract obligating the seller to erect a building thereon within a period of two years. 15 U.S.C. § 1702(a)(2). The 100 lot exemption provides that the sale of lots in a subdivision containing fewer than 100 lots, which are not exempt under subsection (a), will be exempt from ILSA's reporting and registration requirements. 15 U.S.C. § 1702(b)(1). Upon the first sale in excess of ninety-nine, 200 East planned to guarantee completion of construction within two years, thereby placing the last sixteen units under the purview of the improved lot exemption and exempting all sales from ILSA's reporting and registration requirements.
200 East conceded that at the time the Golds signed their contract purchasing one of the first ninety-nine units, the contract language applying to the last sixteen units failed to obligate 200 East to complete construction within two years. The Golds filed suit, asserting that this deficiency caused 200 East to violate ILSA and seeking revocation of their purchase agreement as well as a refund of their deposit. See 15 U.S.C. § 1703(c). The trial court granted summary judgment in favor of the Golds, finding that both the 100 lot exemption and the improved lot exemption had to be in effect and completely valid at the time the Golds executed their purchase and sale agreement. We agree.
There is no Florida case directly on point; however, Grove Towers, Inc. v. Lopez, 467 So.2d 358 (Fla. 3d DCA 1985), cited by the trial court, is helpful in our analysis. In Grove Towers, a developer sold one unit in a 108 unit condominium building to a purchaser without providing a printed property report. Id. at 359. When the purchaser filed suit, alleging a violation of ILSA, the developer argued that upon completion the condominium building contained only ninety-eight units and therefore qualified for the 100 lot exemption. Id. at 359-60. The third district held that because the developer marketed the building as containing more than 100 units, the developer needed to provide the purchaser with a printed property report in advance of the purchaser signing the contract for sale or the purchaser could revoke. Id. at 361.
Although we do not challenge the propriety of a developer piggybacking exemptions, this court disagrees with 200 East's argument that the sales agreement for the final sixteen units could be modified so as to comply with the requirements for the improved lot exemption up until the sale of the first unit in excess of ninety-nine. Here, 200 East modified the contract language applying to the last sixteen units in order to fully comply with the improved lot exemption only after the sale to the Golds was completed. 200 East relies on the HUD Guidelines which provide that "[d]evelopers of subdivisions containing more than 99 lots who wish to operate under [the 100 lot] exemption must assure themselves that all lots in excess of 99 have been and will be sold in transactions exempt under 24 CFR 1710.5(b)[[2]] through (h)." Guidelines for Exemptions Available Under the Interstate Land Sales Full Disclosure Act, 61 Fed. Reg. 13596, 13604 (Mar. 27, 1996). We do not interpret these Guidelines to permit a developer to wait until the sale of a unit in excess of the first ninety-nine to qualify for an exemption for the remaining units. Grove Towers teaches that exemption eligibility for the subdivision as it *469 relates to a prospective purchaser is determined at the time the sale is made. For these and other reasons, we find HUD's advisory opinion letter in the instant case unpersuasive.
ILSA is a strict liability statute enacted for the purpose of protecting the public and should be liberally construed in favor of the public. The Act is clear that the improved lot exemption does not apply if the method of disposition is adopted for the purpose of evasion of ILSA. See 15 U.S.C. § 1702(a)(2). See also Pigott v. Sanibel Dev. LLC, 576 F.Supp.2d 1258 (S.D.Ala.2008) (holding developer's argument that nine of 108 units were subject to a preconstruction contract, obligating the developer to construct within two years, operated to circumvent ILSA and, thus, did not qualify for the improved lot exemption). This court finds that because 200 East failed to perfect an exemption for all units of the 115 lot project prior to the Golds executing their purchase and sale agreement, 200 East violated ILSA by failing to provide the Golds with a printed property report.
Affirmed.
KLEIN, J., and KELLEY, GLENN D., Associate Judge, concur.
NOTES
[1] Selling a condominium unit falls within the definition of selling a lot within the meaning of ILSA. See, e.g., Berzon v. Oriole Homes Corp., 497 So.2d 670, 671 (Fla. 4th DCA 1986).
[2] Subsection (b) refers to the improved lot exemption. 24 C.F.R. § 1710.5(b).